In the Matter of the Application of FERDINAND M. BECKER, Appellant, against EDWARD F. BOYLE et al., Constituting the Board of Elections of the City of New York, Respondents.

Constitutional law — Court of Appeals has no power to extend meaning of Constitution — Queens county — office of county clerk not required by Constitution to be filled at election in year 1917.

1. The Court of Appeals has no power to extend by a process of construction the plain meaning of the provisions of the State Constitution.

2. Section 1 of article 10 and section 3 of article 12 of the State Constitution, by their express terms, are not applicable to the county of Queens and do not require that the office of county clerk therein should be filled at the election in the year 1917.

*Matter of Becker* v. *Boyle,* 179 App. Div. 789, affirmed.

(Argued October 30, 1917; decided October 31, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 26, 1917, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the board of elections of the city of New York to receive and file a certificate of nomination as an independent candidate for the office of county clerk of Queens county and to have his name printed upon the ballot to be voted at the election to be held November 6, 1917. The present incumbent of that office was elected at the general election in 1915, and received a certificate of election for a term of three years commencing on January 1, 1916. The board of elections proceeded on the theory that the term of the present incumbent does not expire until the end of 1918, and consequently took no proceedings for the election of his successor at the coming general election. A certificate of independent nomination for the office was duly signed by the requisite numbers of electors of Queens county and presented to the board of elections on the last day fixed by law for the filing of such nominations, and such certificate was refused. The relator then applied for the peremptory writ of mandamus hereinbefore referred to.

*Edgar F. Hazleton* and *Joseph B. Clark* for appellant.

*Lamar Hardy, Corporation Counsel* (*Terence Farley* of counsel), for respondents.

*Per Curiam.* This appeal involves consideration of an application made by the petitioner for mandamus

requiring the respondents as a board of elections to place his name as that of an independent candidate for the office of county clerk of Queens county upon the ballot at the coming election. Relator's application is based upon the claim that the provisions of section 1, article 10, and section 3, article 12, of the Constitution require the election of county clerk in the county of Queens this year. Unless he is right in this contention his application has properly been denied.

Concededly, these provisions of the Constitution by their express terms are not applicable to the county of Queens and do not require that the office of county clerk therein should be filled at the coming election. We have no power to so extend by a process of construction the plain meaning of the provisions of the Constitution as to make them applicable to the selection of a county clerk in that county and we think, therefore, that the application has been properly denied, and the order appealed from should be affirmed, with costs.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order affirmed.